# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| ROBERT JOHN FRECHETTE, on behalf of himself and all others similarly situated, <br><br>　　　　　Plaintiff, <br><br>v. <br><br>ZIA TAQUERIA, LLC and KEVIN GRANT, individually, <br><br>　　　　　Defendants. | Civil Case No. 2:18-cv-03208-DCN <br><br> FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION <br><br> JURY TRIAL DEMANDED |

Plaintiff Robert John Frechette ("Frechette"), on behalf of himself and all others similarly situated (collectively, "Plaintiffs"), complaining of the acts of Defendant Zia Taqueria, LLC ("Zia") and Kevin Grant ("Grant"), individually (collectively "Defendants"), alleges as follows:

## NATURE OF CLAIM

1. This action is brought individually and as a collective action for actual damages, liquidated damages, attorneys' fees and costs, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. (herein, "FLSA"). The collective action provisions under the FLSA, § 216(b), provide for opt-in class participation.

2. This action is also brought individually and as a class action for unauthorized

1

deductions from wages, and for other relief under the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, et. seq. (herein, "SCPWA"), and under the North Carolina Wage and Hour Act, North Carolina Gen. Stat. N.C. Gen. Stat. § 95-25, et. seq. (herein, "NCWHA"). These claims are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure for individuals employed in South Carolina and North Carolina.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff realleges each and every allegation contained in Paragraphs 1 through 2 as if repeated here verbatim.

4. Frechette is a permanent resident of the State of South Carolina, County of Charleston, and therefore is domiciled in the State of South Carolina.

5. Frechette was employed at Zia in the County of Charleston, State of South Carolina. A substantial part of the events giving rise to these claims occurred in Charleston County.

6. Zia is a South Carolina limited liability company maintaining offices and agents in the county of Charleston, State of South Carolina. Zia is an employer of individuals and operates at least one (1) restaurant in the State of South Carolina, doing business as Zia Taqueria.

7. Upon information and belief, Zia operates a second restaurant location in Asheville, County of Buncombe, State of North Carolina.

8. Upon information and belief, Grant is a citizen and resident of the County of

2

Charleston, State of South Carolina, and an owner and officer of Zia who exercises operational control over Zia, including employee compensation decisions.

9. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon Frechette's claims under the FLSA.

10. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims, which are brought pursuant to the statutory laws of the States of South Carolina and North Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

11. Frechette brings this action, as an opt-in Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of a class of individuals who were employed by Zia at any time within the three (3) years prior to joining this lawsuit, who were nonexempt employees paid an hourly rate less than the minimum wage of Seven and 25/100 dollars ($7.25) per hour before their tips were factored in, and either received tips and Zia deducted some of those tips to place in the mandatory tip pool created by Zia ("Tip Pool"), or received money from the Tip Pool.

12. Defendants' official policy was to allow salaried managers to participate in the Tip Pool at every shift; thus, Plaintiffs effectively subsidized salaried managers' compensation through mandatory earned tipped deductions in violation of the FLSA.

13. Frechette also brings this action as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of all individuals employed by Zia in the States of South Carolina and North Carolina, at any time within the three (3) years prior to the commencement of this lawsuit, who received "wages" in the form of either tips

or funds from the Tip Pool, and from which Zia deducted amounts from these wages without written or legal authorization.

14. Upon information and belief, this action satisfies the requirements of Fed. R. Civ. P. 23, as alleged in the following particulars:

> a. The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable;
>
> b. There are questions of law and/or fact common to the members of the proposed Plaintiff class that predominate over questions affecting only individual members, as set forth below;
>
> c. The claims of Frechette are typical of the claims of the proposed Plaintiff class as a whole;
>
> d. Frechette will fairly and adequately protect the interests of the class;
>
> e. Frechette knows of no conflicts of interest among members of the class;
>
> f. Frechette is represented by attorneys who are qualified, experienced, and capable of conducting the litigation and adequately representing the interests of the entire class;
>
> g. The prosecution of separate actions by or against individual members of the class would create a risk of: (i) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, and (ii) Adjudications with respect to individual members of the class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;
>
> h. Defendants acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole;
>
> i. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy;

j. A class action is appropriate because whether Defendants' actions described herein constitute violations under the FLSA is a question of law and fact common to the class; and

k. This lawsuit benefits the public at large because Defendants have engaged in systematic practices that rob employees of their hard-earned tips in contravention of the purpose of and policies behind the FLSA.

15. Venue in this District and in this Division is appropriate pursuant to 28 U.S.C. 1391(b)(2) and 1391(c), as a substantial part of the events giving rise to the claims herein occurred in this Division, the Defendants have extensive and deliberate contacts in this Division, and one of the individual Defendants is a resident of this Division.

16. Based upon the above, jurisdiction and venue are proper in this Court and division.

17. The work and pay records, including the "tip-out" reports, of Frechette and the members of the Plaintiff class are in the possession, custody, and/or control of Defendants, and Defendants are under a duty, pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Plaintiffs request an Order of this Court requiring Defendants to preserve such records during the pendency of this action.

## **FACTS**

18. Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 17 as if repeated here verbatim.

19. Defendants own and operate Zia Taqueria restaurants in Charleston, South Carolina and Asheville, North Carolina. Upon information and belief, Zia restaurants operate with the same mandatory Tip Pool policy that shares a portion of the tips with

employees (namely, salaried managers) who do not customarily and regularly receive tips and therefore makes unlawful deductions of wages without written authorization.

20. Grant exercises operational control over Zia. On information and belief, Grant was involved in the decisions to set the wages and pay, including the rules and procedures of the Tip Pool, for Plaintiffs or, alternatively, he hired the individuals to whom he delegated this authority, and therefore, Grant is individually liable to Plaintiffs.

21. Frechette was employed as a server from 2017 until approximately November 2018, at the restaurant in Charleston, South Carolina doing business as Zia Taqueria

22. Defendants paid Plaintiffs an hourly wage less than the statutory minimum wage because they are not entitled to the "Tip Credit" under the FLSA, 29 U.S.C. § 203(m). Specifically, Defendants required Plaintiffs to remit, or share, from the tips they had received each shift into the Tip Pool. From the Tip Pool, Defendants paid, or shared, a portion of these tips with salaried managers, who were not employees who customarily and regularly receive tips.

23. Frechette advised Defendants of the illegality of these Tip Pool practices on multiple occasions, including at an employee meeting, but Defendants continued violating the FLSA, the SC Wage Act, and the NC Wage and Hour Act, in reckless disregard of their requirements and in bad faith.

### FOR A FIRST CAUSE OF ACTION
**Violation of Fair Labor Standards Act**
**29 U.S.C. § 203(m), 206**
**(Violation of Tip Credit / Failure to Pay Proper Minimum Wage)**

24. Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 23

6

as if repeated here verbatim.

25. At all times pertinent to this Complaint, Defendants engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. §§ 203(r) and 203(s).

26. Upon information and belief, at all times relevant to this Complaint, Defendants' annual gross volume of sales made or business done was not less than Five Hundred Thousand and 00/100 dollars ($500,000.00). Alternatively, Plaintiffs worked in interstate commerce so as to fall within the protection of the FLSA.

27. The business of Defendants was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendants are subject to, and covered by, the FLSA.

28. The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a minimum wage of Seven and 25/100 dollars ($7.25) an hour.

29. The FLSA, 29 U.S.C. § 203(m), provides an exception allowing certain employers to take a "Tip Credit" and pay less than the statutory minimum wage to tipped employees, on the condition that any pooling, or sharing, of tips is shared only with other employees who customarily and regularly receive tips.

30. When the employer "pools" or shares these tips with employees who are not employees who customarily and regularly receive tips, the tip pool is invalidated.

31. When the tip pool is invalidated, the employer can no longer enjoy the benefits of the Tip Credit provision, 29 U.S.C. § 203(m).

32. Defendants have violated the FLSA, 29 U.S.C. §§ 203(m), 206, in reckless

disregard of the rights of Plaintiffs.

33. As such, Plaintiffs seek to recover from Defendants the following damages:

    a. actual damages;

    b. liquidated damages of an equal amount; and

    c. reasonable attorneys' fees and the costs and disbursements of this action.

**FOR A SECOND CAUSE OF ACTION**
**Violation of Fair Labor Standards Act**
**29 U.S.C. § 207**
**(Failure to Pay Proper Overtime Wage)**

34. Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 33 as if repeated here verbatim.

35. Pursuant to the terms of the FLSA, 29 U.S.C. § 207, an employer must pay a nonexempt employee time and a half for all hours worked over forty (40) hours in a workweek.

36. Without the benefit of the Tip Credit provision, Defendants failed to pay Plaintiffs and all other similarly situated employees the proper amount for all hours worked over forty (40) hours in a workweek or overtime hours worked.

37. Defendants have violated the FLSA, 29 U.S.C. § 207, in reckless disregard of the rights of Plaintiffs.

38. As such, Plaintiffs seeks to recover from Defendants the following damages:

    a. actual damages;

    b. liquidated damages of an equal amount; and

    c. reasonable attorneys' fees and the costs and disbursements of this action.

**FOR A THIRD CAUSE OF ACTION**
**Violation of South Carolina Payment of Wages Act**
**S.C. Code § 41-10-10, et. al.**
**(Unauthorized Deductions from Wages)**

39. Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 38 as if repeated here verbatim.

40. Defendants are an "employer" as defined by the SCPWA.

41. Defendants employed Plaintiffs and members of the Plaintiff class within the State of South Carolina.

42. Money received by Plaintiffs directly as tips, or amounts received from the Tip Pool, were "wages" as defined by SCPWA, § 41-10-10(2).

43. Defendants illegally deducted amounts from the wages of Frechette and the members of the class without providing proper written notice as required by SCPWA § 41-10-30(A).

44. Defendants' illegal deductions from the wages of Plaintiffs were willful and were made in bad faith.

45. Pursuant to SCPWA § 41-10-80(C), Frechette and the members of the Plaintiff class are entitled to recover in this action an amount equal to three (3) times the full amount of their wages that were illegally deducted, plus reasonable attorneys' fees and costs.

**FOR A FOURTH CAUSE OF ACTION**
**Violation of North Carolina Wage and Hour Act**
**N.C. Gen. Stat. § 95-25 et. al.**
**(Unauthorized Withholding, Diversion, and Nonpayment of Wages)**

46. Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 45

9

as if repeated here verbatim.

47. Defendants are an "employer" as defined by the NCWHA.

48. Defendants employed Plaintiffs and members of the Plaintiff class within the State of North Carolina.

49. Money received by Plaintiffs directly as tips, or amounts received from the Tip Pool, were "wages" as defined by NCWHA, § 95-25.2(16).

50. Defendants illegally withheld or diverted amounts from the wages of the members of the class without providing proper written notice as required by NCWHA § 95-25.8(a)(2)-(3), and § 95-25.8(b).

51. Defendants illegally withheld or diverted amounts from the wages of the members of the class without providing proper written notice as required by NCWHA § 95-25.6.

52. Defendants' illegal withholdings or diversions from the wages of Plaintiffs were willful and were made in bad faith.

53. Pursuant to NCWHA § 95-25.22(a), the members of the Plaintiff class are entitled to recover in this action their wages that were illegally withheld or diverted, plus interest at the legal rate set forth in NC Gen. Stat. §24-1, from the date each amount first came due; in addition to liquidated damages for same pursuant to NCWHA § 95-25.22(a1), plus reasonable attorneys' fees and costs.

**WHEREFORE**, having fully set forth their allegations against Defendants, Plaintiffs respectfully request that the Court enter judgment for the following relief:

1. An Order authorizing the sending of appropriate notice to current and former

employees of Defendants who are putative members of the collective action, but have not yet "opted-in" under the FLSA;

2. An Order enjoining Defendants from violating the FLSA, particularly the Tip Credit, in the future;

3. For Plaintiffs, under the First and Second Causes of Action:

    a. Actual damages in an amount to be determined at trial; and

    b. Liquidated damages of an equal amount;

4. An Order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act;

5. An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the North Carolina Wage and Hour Act;

6. Actual damages in the amount of wages due under SCPWA;

7. Treble damages pursuant to SCPWA;

8. Actual damages in the amount of wages due under NCWHA;

9. Liquidated damages pursuant to NCWHA;

10. Reasonable attorneys' fees and costs;

11. Injunctive relief ordering Defendants to amend their wage and hour policies to comply with applicable federal and state laws; and

12. Such further relief as the Court deems just and proper.

Plaintiffs request a trial by jury.

Respectfully submitted,

Dated: November 28, 2018        /s/Casey M. Martens
Casey M. Martens (#12812)
Molly R. Hamilton Cawley (#11838)
MHC Law, LLC
1250 Folly Road
Charleston, SC 29412
Tel: (843) 225-8651
casey@mhc-lawfirm.com
molly@mhc-lawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

## VERIFICATION

I, Casey M. Martens, declare as follows:

I am the attorney for Plaintiff, and have read the foregoing Complaint with Jury Demand and know the contents thereof. I am informed and believe that the matters stated therein are true and, on that ground, allege that the matters stated therein are true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of November, 2018, at Charleston, South Carolina.

/s/Casey M. Martens
Casey M. Martens