**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Robert John Frechette, on behalf of himself and all others similarly situated | ) ) ) ) | CA No.  2:18-cv-03208-DCN |
| Plaintiff, | ) ) | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT** |
| v. | ) ) | **AND APPROVAL OF SUBSTITUTION OF DAVID LUCAS TEZZA ESTATE** |
| Zia Taqueria, LLC and Kevin Grant, individually, | ) ) ) | **PURSUANT TO FED. R. CIV. P. 25** |
| Defendants. | ) ) | |

_____

Pursuant to the requirements of the Fair Labor Standards Act, Plaintiff Robert Frechette, on behalf of himself, the Opt-in Class Members (collectively with Plaintiff Frechette, the "Plaintiffs") and the Defendants Zia Taqueria, LLC and Kevin Grant ("Defendants") hereby jointly move the Court to conduct a review of the proposed Settlement Agreement and Release of All Claims ("Settlement Agreement") attached hereto, to approve the Settlement Agreement, to finally certify the conditionally certified collective action and to enter an Order dismissing this action and all of the Plaintiffs' Claims against the Defendants with prejudice.  In support of their motion, the parties state as follows:

1.  Filed on November 28, 2018, this case was brought by Plaintiff Robert Frechette on behalf of himself and all those similarly situated, claiming that the Defendants had violated the Fair Labor Standards Act's provisions regarding minimum wages and overtime compensation. This initial complaint also alleged that the Defendants had violated the provisions of the South Carolina Payment of Wages Act and the North Carolina Wage & Hour Act by making illegal deductions from the wages of their employees without providing proper notice as required by

those states' laws. Pursuant to the parties' negotiated agreement and the Court's Order of January 30, 2019, the Plaintiff filed a First Amended Complaint on February 4, 2019, deleting those claims brought on behalf of former, present or future employees in North Carolina alleging violations of the North Carolina Wage & Hour Act. The Defendants have denied all allegations and asserted that they at all times complied with applicable federal and state laws.

2. On April 25, 2019, the Plaintiffs moved the Court for an order conditionally certifying the FLSA collective action as to their claim for unpaid minimum wages, requiring the Defendants to identify putative class members and approving a third party administrator to send the proposed notice to the class members.[1] Also, on April 25, 2019, Plaintiff filed four Consents to Become Party Plaintiff on behalf of Caleb Weakley, Holly Munson, D'Antonio Brown and Jessie Maher.

3. Defendants opposed the Plaintiffs' motion for certification and the issue was briefed to the Court. After briefing was completed and a hearing held before the Court on the motion for conditional certification, the Court granted the motion by Order dated July 2, 2019.

4. After this order was entered, the FLSA Notice to Potential Collective Action Members was then sent to putative class members. Thereafter, nine more class members opted in this collective action: David Tezza, Genevieve Harding, Molly O'Connell, Kali Schrott, Sarah Owen, Lucas Traeger, Shannon Noble, Travis Snowden and Michelle Tinnin. No further consents were filed with the Court in the relevant notice period or at any later time. By Order dated January 29, 2020, this Court granted Plaintiff Molly O'Connell's request to withdraw and dismissed her from this action.

---

[1] Although pled as a Rule 23 class action, the Plaintiffs did not seek to certify their claims under the South Carolina Payment of Wages Act. The Court denied their request to amend their First Amended Complaint to join the thirteen FLSA Opt-in Plaintiffs as Plaintiffs as to this claim on April 4, 2020.

5. Plaintiff Tezza is now deceased. In the Settlement Agreement, the Parties stipulate to the substitution of the David Lucas Tezza Estate (EIN 84-7122331), by and through Personal Representative Susan R. Lucas, for Plaintiff Tezza in his individual capacity, and hereby move the Court to permit this substitution pursuant to Fed. R. Civ. P. 25(a), in conjunction with this Motion for Approval of Settlement Agreement.

6. Throughout the designated discovery period, the Parties engaged in significant discovery, serving several sets of written discovery and engaging in depositions of the majority of the Plaintiffs and of Defendant Kevin Grant.

7. On February 27, 2020, the parties engaged in mediation, although no settlement was reached at that time. Negotiations continued, and the parties subsequently reached an agreement to settle all of the Plaintiffs' claims against the Defendants. A copy of the parties' Settlement Agreement and Release is attached hereto as Exhibit A.

8. It is well settled that court approval is required of all FLSA claims where the plaintiffs have agreed to waive any and all prior claims under the Act. *See Taylor v. Progress Energy, Inc.,* 493 F.3d 454, 460 (4th Cir. 2007) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108). *See also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

8. The Court reviews the proposed agreement for fairness and reasonableness, considering such factors as (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who has represented the plaintiff; (5) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. *See Poulin v. Gen. Dynamics Shared Resources, Inc.*, 2010 U.S. Dist. LEXIS 47511 (W.D. Va. May 5, 2010); *Lomascolo v. Parsons*

*Brinckerhoff, Inc.,* No. 1:08-cv-1310, U.S. Dist. LEXIS at \*10 (E.D. Va. Sept. 28, 2009). *See also Lynn* at 1351 (court is required to determine that a proposed settlement is a fair and reasonable resolution of a bona fide dispute).

9.     All of the above factors weigh in favor of the Court's approval of the Parties' settlement.   The Parties have engaged in extensive written discovery relating to the merits of the case and potential damages that have been incurred. The Plaintiffs requested, and the Defendants have produced documents concerning the compensation system at the Defendant employer.  The discovery sought and produced included relevant payroll records, tip cards, and time records, all of which formed the basis of the calculation of potential damages.   Thus, the record was developed to an extent that both parties were informed of the Plaintiffs' claims, the Defendants' defenses and the potential liability.

10.   There is no evidence of fraud or collusion on the part of the parties or their counsel in this case. The proposed Settlement Agreement is the product of arms-length negotiations that took place periodically over several weeks' time with the assistance of mediator David McCormack.

11. The attorneys who represents the Plaintiffs are experienced employment attorneys whose practice is focused on employment law. They have litigated many other FLSA matters and are thus able to competently evaluate the merits of the Plaintiffs' claims.

12.   Through discovery in this matter, both Parties have had the opportunity to assess and calculate the potential damages in this case.  Although Plaintiffs and their counsel believe that their case has significant merit, they recognize and acknowledge the uncertain outcome and risk of any case, as well as the expense of continued proceedings through trial and through any possible appeals. Consequently, Plaintiffs believe that the settlement reached is fair, reasonable

and adequate and is in their best interests. Similarly, while the Defendants contend that they paid their employees in conformity with the FLSA and believe that the Plaintiffs' case lacks merit, they acknowledge the uncertain outcome and risk of the case and believe that further, protracted litigation is contrary to their best interests. Defendants believe that this settlement is fair and reasonable, and will resolve the dispute at issue, while minimizing their own further expenses.

13. The amounts to be paid to the Plaintiffs and their counsel are reasonable under the circumstances. These amounts represent a sum which exceeds the two-year recovery for the Plaintiffs' FLSA claims, but is less than the two-year recovery for these claims if they are doubled for liquidated damage purposes. Therefore, the agreed upon sums, as reflected in the attached Settlement Agreement and Release are a fair and realistic settlement sum.

14.  In addition to approving the Settlement Agreement, the Parties request that the Court's Order include a final determination as to collective action status in this case. *See McCaffrey v. Mortgage Sources Corp.*, 2011 WL 32436 (D. Kan. Jan. 5, 2011) (citing case law from several jurisdictions); *Salvo v. SSWNN Corp. et al*, 2:17-cv-01266-RMG Jan. 25, 2019. This final ruling focuses, again, upon the issue of whether the putative class members are similarly situated.

15. By its granting of the motion for conditional certification, this Court previously concluded that the putative class members are similarly situated for purposes of this matter.  As detailed more thoroughly in Plaintiff's Motion for Conditional Certification, the pay policies of the Defendant employer applied to all servers during the relevant time period.  It was the application of these pay policies which were at issue in this case.  Since the date that the Court conditionally certified this action, no facts have been presented which suggest that the putative class members are not similarly situated.

WHEREFORE, Plaintiffs and Defendants respectfully request that this Court approve the Parties' settlement, finally certify the class, and grant their request to dismiss Plaintiffs' claims with prejudice.

<table>
<tr><td><b>WE SO MOVE</b></td><td><b>WE SO MOVE</b></td></tr>
<tr><td><b>MHC LAW, LLC</b></td><td><b>GIBBS &amp; HOLMES</b></td></tr>
</table>

/s/ Molly R. Hamilton Cawley         /s/ *Allan R. Holmes*

Molly R. Hamilton Cawley (ID # 11838)      Allan R. Holmes (ID # 1925)
Casey M. Martens (ID# 12812)             Cheryl H. Ledbetter (ID # 11446)
460 King Street, Suite 200                171 Church Street, Suite 110
Charleston, SC 29403                    Charleston, SC 29402
Telephone: 843-225-8651                Telephone: 843.722.0033
molly@mhc-lawfirm.com                  aholmes@gibbs-holmes.com
casey@mhc-lawfirm.com                  cledbetter@gibbs-holmes.com

**ATTORNEYS FOR PLAINTIFFS**        **ATTORNEYS FOR DEFENDANTS**