THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Robert John Frechette, on behalf of himself and all others similarly situated, | ) ) ) | CA No. 2:18-cv-03208-DCN |
| Plaintiff, | ) ) | ORDER APPROVING SETTLEMENT, APPROVING |
| vs. | ) ) ) | SUBSTITUTION OF DAVID LUCAS TEZZA ESTATE PURSUANT TO |
| Zia Taqueria, LLC and Kevin Grant, individually, | ) ) | RULE 25, AND DISMISSING ACTION WITH PREJUDICE |
| Defendants. | ) | |

1.   This matter comes before the Court upon joint motion of the Parties to approve Settlement Agreement and Release of All Claims ("Settlement Agreement") [Docket Nos. 83, 83-1], to finally certify the conditionally certified collective action, to substitute David Lucas Tezza Estate in place of the late David Tezza (Opt-In Class Member) pursuant to Rule 25, and to enter an Order dismissing this action and all of the Plaintiffs' Claims against the Defendants with prejudice.

2.   Filed by Plaintiff Robert J. Frechette on behalf of himself and all others similarly situated, this lawsuit has been pending before the Court since November 28, 2018.

3.   The lawsuit claimed that the Defendants violated the FLSA's provisions regarding minimum wages and overtime compensation. This initial complaint also alleged that the Defendants had violated the provisions of the South Carolina Payment of Wages Act and the North Carolina Wage & Hour Act by making illegal deductions from the wages of their employees without providing proper notice as required by those states' laws.

4.	Pursuant to the Parties' negotiated agreement and the Court's Order of January 30, 2019, the Plaintiff filed a First Amended Complaint on February 4, 2019, deleting those claims brought on behalf of former, present or future employees in North Carolina alleging violations of the North Carolina Wage & Hour Act.

5.	On April 25, 2019, Plaintiff moved the Court for an order conditionally certifying the FLSA collective action as to their claim for unpaid minimum wages, requiring the Defendants to identify putative class members and approving a third party administrator to send the proposed notice to the class members.[1]  Also, on April 25, 2019, Plaintiff filed four Consents to Become Party Plaintiff on behalf of Caleb Weakley, Holly Munson, D'Antonio Brown and Jessie Maher.

6.	The Defendants opposed the Plaintiff's motion for certification and the issue was briefed to the Court. After briefing was completed and a hearing held on the motion for conditional certification, this Court granted the motion by Order dated July 2, 2019.

7.	After this order was entered, the FLSA Notice to Potential Collective Action Members was then sent to putative class members. Thereafter, nine more class members opted in this collective action: David Tezza, Genevieve Harding, Molly O'Connell, Kali Schrott, Sarah Owen, Lucas Traeger, Shannon Noble, Travis Snowden

---

[1] Although pled as a Rule 23 class action, Plaintiff did not seek to certify their claims under the South Carolina Payment of Wages Act. The Court denied their request to amend their First Amended Complaint to join the thirteen FLSA Opt-in Plaintiffs as Plaintiffs as to this claim on April 4, 2020.

and Michelle Tinnin. No further consents were filed with the Court in the relevant notice period or at any later time.

8. By Order dated January 29, 2020, this Court granted Plaintiff Molly O'Connell's request to withdraw and dismissed her from this action.

9. Thereafter, Plaintiff David Tezza passed away and the Parties stipulated to the substitution of the David Lucas Tezza Estate (EIN 84-7122331), by and through Personal Representative Susan R. Lucas, for Mr. Tezza in his individual capacity pursuant to Fed. R. Civ. P. 25(a).

10. The Defendants have denied all allegations and asserted that they at all times complied with applicable federal and state laws.

11. The Parties engaged in significant discovery, serving several sets of written discovery and engaging in depositions of the majority of the Plaintiffs and Defendant Kevin Grant.

12. The Parties also engaged in substantial motion practice, including discovery motions and Plaintiff's motion for partial summary judgment.

13. On February 27, 2020, the Parties engaged in mediation, although no settlement was reached at that time. Negotiations continued. Through the mediator's ongoing assistance, the Parties subsequently reached an agreement to settle all of the Plaintiffs' claims against the Defendants.

14. The Parties fully and finally resolved their *bona fide* disputes and memorialized these settlement terms in the Settlement Agreement. The Settlement Agreement involves the following payments to Plaintiffs and their counsel:

| Plaintiff | W2 Wages | 1099 Liquidated Damages | 1099 Service Award | Total |
|---|---|---|---|---|
| Robert Frechette | $2,078.15 | $2,078.15 | $2,000.00 | $6,156.30 |
| D'Antonio Brown | $4,828.64 | $4,828.64 | $375.00 | $ 10,032.28 |
| Jessie Maher | $2,719.93 | $2,719.93 | $375.00 | $5,814.86 |
| Holly Munson | $3,270.03 | $3,270.03 | $375.00 | $6,915.05 |
| Caleb Weakley | $1,589.17 | $1,589.17 | $375.00 | $3,553.34 |
| Genevieve Harding | $1,161.32 | $1,161.32 | | $2,322.64 |
| Shannon Noble | $1,650.30 | $1,650.30 | | $3,300.59 |
| Sarah Owen | $672.34 | $672.34 | | $1344.68 |
| Travis Snowden | $1,436.37 | $1,436.37 | | $2,872.73 |
| David Lucas Tezza Estate | $3,545.08 | $3,545.08 | | $7,090.15 |
| Michelle Tinnin | $4,584.15 | $4,584.15 | | $9,168.30 |
| Lucas Traeger | $3025.54 | $3025.54 | | $6,051.08 |
| Kali Schrott | $650.00 | $650.00 | | $1,250.00 |
| | | | | **Subtotal to Plaintiffs: $65,872.00** |
| Attorneys' Fees to MHC Law, LLC | | | | $20,750.00 |
| Litigation Costs Reimbursement to MHC Law, LLC | | | | $13,378.00 |
| | | | | **Subtotal for Fees and Costs: $34,128.00** |
| | | | | **Total Settlement Amount: $100,000.00** |

15.    The Settlement Agreement resolves the *bona fide* disputes among the Parties and all of Plaintiffs' claims of any nature.

16.    After reviewing the Settlement Agreement, this Court finds that it is a fair and reasonable compromise of the disputed issues, including the apportionment of the settlement proceeds and the payment of attorneys' fees and costs to Plaintiffs' counsel.

4

17.     Based upon the above, for good cause having been shown, by and with the consent of counsel for the Plaintiff and counsel for the Defendant, this Court hereby approves the Settlement Agreement, grants substitution of the David Lucas Tezza Estate for the late David Tezza, finally certifies the conditionally certified collective action and dismisses this action with prejudice, with each Party bearing its own costs, attorneys' fees and expenses, except as provided in the Settlement Agreement.

**IT IS SO ORDERED.**

This the 9th day of June, 2020.

_____
David C. Norton
United States District Court Judge